TAB 1

Filing # 50821330 E-Filed 01/05/2017 03:15:36 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

RONALD CAPPS,

    Plaintiff,

CASE NO.: CACE 17-000155 (25)

vs.

FLORIDA HIGHWAY PATROL
a/p/o FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND
MOTOR VEHICLES,

    Defendant.

_____/

**RECEIVED**

JAN 2͞ 2017

Dept. of Highway Safety & Motor Vehicles
Office of General Counsel - Tallahassee

1/19/17  350
Eric L̲a̲r̲s̲o̲n̲
CPS#0͞ ͞ ͞
2nd Judicial Circuit

## SUMMONS

The STATE OF FLORIDA

To All and Singular the Sheriff's of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in the above-styled cause upon the Defendant:

    FLORIDA HIGHWAY PATROL, by serving
    Terry L. Rhodes, Executive Director
    Florida Department of Highway and Safety & Motor Vehicles
    Neil Kirkman Building
    2900 Apalachee Parkway
    Tallahasee, FL 32399-0500

Each Defendant is hereby required to serve written defenses to said Complaint on:

    Jose A. Gutierrez, Esq.
    Cosio Law Group
    1430 S. Dixie Highway, Suite 202
    Coral Gables, Florida 33146

within twenty days (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a Default will be entered against you for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of said Court on      JAN 13 2017

                                  Clerk of the Court
                                  As Clerk of the Court

                                  By:_____
                                  Deputy

*** FILED: BROWARD COUNTY, FL. BRENDA D. FORMA͟ ͟ ͟ ͟ ͟ 3:15:33 PM.****

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

RONALD CAPPS

    Plaintiff,

v.

FLORIDA HIGHWAY PATROL
a/p/o FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND
MOTOR VEHICLES,

    Defendant.
_____/

CASE NO.:

RECEIVED

JAN 23 2017

Dept. of Highway Safety & Motor Vehicles
Office of General Counsel - Tallahassee

## COMPLAINT

COMES NOW the Plaintiff, Ronald Capps, by and through his undersigned counsel and sues Defendant, FLORIDA HIGHWAY PATROL, a subdivision of the State of Florida, and alleges:

### PARTIES

1. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

2. The Defendant, FLORIDA HIGHWAY PATROL, is a subdivision of the State of Florida doing business in Broward County, Florida.

3. The FLORIDA HIGHWAY PATROL is a subdivision of the State of Florida and has been at all times material herein an "employer" as defined in the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq.

4. At all times material hereto FLORIDA HIGHWAY PATROL employed more than fifty (50) employees and was the recipient of public funds from various sources including federal governmental grants and appropriations.

1

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and the subject matter pursuant to Fla. Stat. §760.01 and 42 U.S.C. §12101 et seq.

6. This is an action for damages that exceeds $15,000.00.

7. Venue is proper in Broward County as that is where FLORIDA HIGHWAY PATROL'S offices are located and the place where the prohibited employment practices occurred.

8. All procedural prerequisites to the filing of this lawsuit have been satisfied including the timely filing of a Charge of Discrimination with the Equal Employment Opportunities Commission and the obtaining of a right to sue letter dated September 29, 2016 (attached hereto as Exhibit "A"), from the United States Equal Employment Opportunity Commission (hereinafter "EEOC").

## BACKGROUND FACTS

9. Plaintiff is a military veteran having served in the United States Army between 2005 and 2011. Plaintiff's active duty service included overseas combat tours in Iraq.

10. As a result of Plaintiff's military service he was diagnosed as suffering from post-traumatic stress disorder ("PTSD") and received treatment for same and was provided a disability rating by the Department of Veteran Affairs for his PTSD.

11. At all times material hereto Plaintiff had and has the skill, experience, education, and job related requirements to perform the essential functions of the employment position of a Trooper with the FLORIDA HIGHWAY PATROL.

12. On October 19, 2015, Plaintiff was employed as a Detention Technician in the main jail of the Broward Sheriff's Office (hereinafter "BSO").

13. On or around February 6, 2016, Plaintiff submitted his application for employment with the FLORIDA HIGHWAY PATROL for a trooper position.

14. On or about March 29, 2016, Plaintiff met with Trooper Elliott Rosen, Background Investigator, as part of FLORIDA HIGHWAY PATROL'S normal hiring process. Trooper Rosen was assigned the task of completing Plaintiff's background investigation for consideration of Plaintiff's employment with FLORIDA HIGHWAY PATROL and at all times herein was acting within the course and scope of his employment.

15. During the interview process by Trooper Rosen, Plaintiff became uneasy and visibly upset at the manner in which Trooper Rosen went about conducting the interview and speaking to Plaintiff in an insulting manner.

16. As a result of the manner in which the interview was being conducted, Plaintiff advised Trooper Rosen that maybe he should withdraw his application from the selection process.

17. On March 30, 2016, Plaintiff sent an email to Trooper Rosen indicating that he had taken care of requesting his official college transcripts which Plaintiff had not taken with him to the interview.

18. On March 30, 2016, Trooper Rosen responded to Plaintiff via email and informed him that he had sent his file back to Tallahassee to be placed in an inactive status based upon Plaintiff's request to withdraw from the process.

19. On March 31, 2016, Plaintiff contacted Trooper Rosen's supervisor, Captain George Crotta to complain about Trooper Rosen's behavior and inquire about the status of his application.

20. Captain Crotta informed Plaintiff that his application was placed on inactive status due to the allegations Plaintiff had made against Trooper Rosen.

21. Unbeknownst to Plaintiff, however, FLORIDA HIGHWAY PATROL continued with its background investigation of the Plaintiff even after being informed that his application was placed on an inactive status.

22. During FLORIDA HIGHWAY PATROL'S continued background investigation process, Trooper Rosen contacted Plaintiff's employer, BSO, and inquired about Plaintiff's pending EEOC claim with BSO.

23. Trooper Rosen received information from BSO concerning Plaintiff's EEOC claim which should not have been disseminated pursuant to the confidentiality afforded EEOC claims.

24. The information received by Trooper Rosen from BSO concerning Plaintiff's EEOC claim was disseminated among the FLORIDA HIGHWAY PATROL in order to render Plaintiff unsuitable for employment with the FLORIDA HIGHWAY PATROL.

25. During the continued background investigation of the Plaintiff Trooper Rosen also contacted officials at the Veteran's Affairs Administration (hereinafter "VA") to inquire about confidential matters pertaining to Plaintiff's prior medical and/or psychological treatment at the VA.

26. Through this communication, Trooper Rosen elicited and received confidential information pertaining to Plaintiff's prior medical and/or psychological treatment with the VA, including an incident that occurred while Plaintiff was treating at the VA.

27. The information received by Trooper Rosen from the VA was disseminated among the FLORIDA HIGHWAY PATROL in order to render the Plaintiff unsuitable for employment with the FLORIDA HIGHWAY PATROL.

28. At no time during this background investigation process did the FLORIDA HIGHWAY PATROL provide Plaintiff with a conditional offer of employment with the FLORIDA HIGHWAY PATROL.

29. Plaintiff was not hired by the FLORIDA HIGHWAY PATROL as a result of the unfavorable information obtained by the FLORIDA HIGHWAY PATROL about his medical and/or psychological impairment/disability and the EEOC claim he filed against BSO.

30. The Americans with Disability Act ("ADA") prohibits employers from discriminating against qualified individuals with disabilities in job applications and hiring.

31. Under the ADA the term disability includes individuals being recognized as having a physical or mental impairment.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12112(d)(2)

32. Plaintiff incorporates herein Paragraphs 1 through 31 set forth above as if restated herein.

33. The Americans with Disabilities Act ("ADA") generally prohibits medical and psychological exams until an offer of employment has been made.

34. FLORIDA HIGHWAY PATROL violated the ADA by inquiring into Plaintiff's medical and/or psychological disabilities before an offer of employment had been made.

35. Trooper Rosen's communication with the VA constituted an improper inquiry into Plaintiff's medical and psychological impairment and/or disability by the FLORIDA HIGHWAY PATROL.

36. Trooper Rosen's actions violated Plaintiff's rights under the ADA by inquiring into his medical and/or psychological impairments before an offer of employment was made to him by FLORIDA HIGHWAY PATROL.

37. As a proximate cause of Defendant's violation of Plaintiff's rights under the ADA he was deprived of certain benefits, privileges, and terms and conditions of employment which caused him to suffer humiliation, embarrassment, loss of enjoyment of life, emotional suffering and mental distress.

WHEREFORE, Plaintiff prays this court for the following relief:

(a) All compensatory damages provided under the American with Disabilities Act of 1992 subject to the limitations set forth by Congress in the Civil Rights Act of 1991.

5

(b) Lost wages and front-pay to the Plaintiff.

(c) Award of all taxable costs.

(d) Award of attorney's fees.

(e) Such other relief as authorized by the American's with Disabilities Act of 1992.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT (FCRA)

38. Plaintiff incorporates herein Paragraphs 1 through 31 set forth above as if restated herein.

39. Plaintiff filed a discrimination claim with the EEOC based on BSO's discriminatory hiring practices relative to BSO's perceived handicap of Plaintiff.

40. During the pendency of the protected EEOC proceedings and activities Defendant, through the actions of Trooper Rosen, improperly obtained information concerning Plaintiff's EEOC complaint against BSO for purposes of rendering Plaintiff unsuitable for employment with FLORIDA HIGHWAY PATROL.

41. The information obtained by Defendant from the BSO violated the confidentiality provisions afforded EEOC proceedings.

42. The information obtained by Defendant from BSO negatively affected Plaintiff's job prospects with the FLORIDA HIGHWAY PATROL.

43. Defendant's unlawful employment practice of obtaining such information about the Plaintiff concerning his participation in a protected activity is a violation of the FCRA's Retaliation provision.

44. As a proximate cause of Defendant's violation of Plaintiff's rights under the FCRA's Retaliation Provision Plaintiff suffered damages, including but not limited to loss of compensation, humiliation, embarrassment, loss of enjoyment of life, emotional suffering and mental distress.

WHEREFORE, Plaintiff prays this court for the following relief:

(a) All compensatory damages.

(b) Lost wages and front-pay to the Plaintiff.

(c) Award of all taxable costs.

(d) Award of attorney's fees.

(e) Such other relief as authorized by the Florida Civil Rights Act.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT of 1992
## (FCRA) Fla. Stat. §760.01 et sq.

45. Plaintiff incorporates herein Paragraphs 1 through 31 set forth above as if restated herein.

46. Plaintiff filed a discrimination claim with the EEOC based on Defendant's discriminatory hiring practices relative to Defendant's perceived handicap of Plaintiff.

47. Plaintiff is a person as defined in FCRA.

48. Defendant is an employer employing 15 or more employees as defined in FCRA.

49. Defendant perceived Plaintiff to be handicapped due to his military combat service and the treatment he received for PTSD.

50. Defendant committed unlawful employment practices including but not limited to the following:

    (a) Failed or refused to hire the Plaintiff because of his handicap;

    (b) Failed or refused to refer for employment and discriminated against the Plaintiff as a result of his handicap;

    (c) Committed an unlawful employment practice, which caused or attempted to cause an employer (Broward Sheriff's Office) to discriminate against Plaintiff.

51. Plaintiff has exhausted all administrative remedies prior to filing this lawsuit.

52.  As a result of Defendant's violation of Plaintiff's rights under the FCRA Plaintiff has suffered damages, including, but not limited to, loss of compensation, damages for mental anguish, loss of dignity, and any other intangible injuries or damages.

## COUNT IV
## INVASION OF PRIVACY

53.  At all times herein, Plaintiff had a right to be free from governmental intrusion into his private life pursuant to Art. I §23, Fla. Const.

54.  Trooper Rosen's actions on behalf of the FLORIDA HIGHWAY PATROL constituted an improper governmental intrusion into his private life in violation of Art. I §23, Fla. Const.

55.  The FLORIDA HIGHWAY PATROL, through the actions of Trooper Rosen obtained private facts about the Plaintiff without his consent.

56.  The FLORIDA HIGHWAY PATROL, through the actions of Trooper Rosen, disseminated private facts concerning Plaintiff's prior medical and/or psychological treatment received while at the VA among sufficient members of the FLORIDA HIGHWAY PATROL to constitute a public disclosure.

57.  The disclosure by the FLORIDA HIGHWAY PATROL of Plaintiff's private facts concerning his prior medical and/or psychological treatment at the VA is offensive to a reasonable person of ordinary sensibilities.

58.  As a proximate cause of the FLORIDA HIGHWAY PATROL'S violation of Plaintiff's right to privacy, Plaintiff has suffered adverse and harmful effects, including, but not limited to, mental distress, embarrassment, humiliation and lost or jeopardized present or future financial opportunity.

WHEREFORE, Plaintiff prays this court for the following relief:

(a)  All compensatory damages.

(b)  Award of all taxable costs.

8

(c)     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands trial by jury on all issues so triable as of right by a jury.

December 28, 2016.

*Jose A Gutierrez*
Jose A. Gutierrez
Fla. Bar No.: 964042
COSIO LAW GROUP
1430 S. Dixie Highway
Suite 202
Coral Gables, Florida 33146
(305) 567-0503
(305) 567-9875 (fax)
cosiomail@cosiolaw.com
Attorneys for Plaintiff

EEOC Form 161-D (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ronald Capps
4916 NE 19th Ave
Pompano Beach, FL 33064

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-04993 | ROBBY CEDON, Investigator | (305) 808-1881 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Patrick Kokenge,
Acting District Director

SEP 2 9 2016
(Date Mailed)

Enclosures(s)

CC: Respondent's Representative
Kimberly S. Ward
Executive Senior
FLORIDA HIGHWAY PATROL
2900 Apalachee Parkway
Room 420
Tallahassee, FL 32399

EXHIBIT "A"

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) AND minor.
- A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*